UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAVERNE ARMSTRONG, ROBBIN M. ARMSTRONG, AND CORDERO ARMSTRONG, <br>     Plaintiffs, <br><br> v. <br><br> MICHAEL J. MALONEY, THIEN CHAIKET, BRIGID M. CARLQUIEST, PIOTR SZCZUROWSKI, ALAN P. LASCH, GEORGE S. NIEDZWIECKI, ELIZABETH C. ROSELIEB, DAVID L. MICHAELSEN, JOSEPHINE A. CHRISTOPHER, AND CITY OF CHICAGO, <br>     Defendants. | No. 08 CV 4398 <br><br> Judge Chang <br> Magistrate Judge Nolan <br><br> JURY TRIAL DEMANDED |

**<u>DEFENDANTS' RULE 50(b) MOTION FOR JUDGMENT AS A MATTER OF LAW</u>**

    Defendants, City of Chicago and Officers Michael Maloney, Brigid Carlquist, Piotr Szczurowski, Alan Lasch, George Niedzwiecki, Elizabeth Roselieb, and Thien Chaiket ("Defendant Officers"), collectively ("Defendants"), by one of their attorneys, Ryan Finlen, of SWANSON MARTIN & BELL, LLP, respectfully request that this Honorable Court, pursuant to Fed.R.Civ.P. 50(b), enter an order granting Defendants judgment as a matter of law as to all Plaintiffs' claims, notwithstanding the jury's verdict. In support of this motion, Defendants state as follows:

    1.    This case proceeded to trial commencing on January 7, 2013, on Plaintiffs' five claims against Defendants. Claim one, brought by all three Plaintiffs, alleged illegal entry against all seven Defendant Officers. Claim two, brought by all three Plaintiffs, alleged illegal occupation or search against all seven Defendant Officers. Claim three, brought by all three Plaintiffs, alleged illegal detention against all seven Defendant Officers. Claim four, brought only by Plaintiff Robbin Armstrong, alleged arrest against Michael Maloney and Thien Chaiket.

Claim five, brought only by Plaintiff Robbin Armstrong, alleged malicious prosecution against Michael Maloney and Thien Chaiket.

2.     On January 15, 2013, the jury rendered a verdict in favor of Plaintiffs on certain claims and in favor of Defendant Officers on the remaining claims.  With respect to Claim one, the jury rendered a verdict in favor of all three plaintiffs against all seven Defendant Officers, and the jury noted they were finding all seven Defendant Officers personally involved.  With respect to Claim two, the jury rendered a verdict in favor of all three plaintiffs against all seven Defendant Officers, and the jury noted they were finding all seven Defendant Officers failed to intervene as the basis for liability.  With respect to Claim three, the jury rendered a verdict in favor of all three plaintiffs against all seven Defendant Officers, and the jury noted they were finding all seven Defendant Officers personally involved.  With respect to Claim four, the jury found in favor of Michael Maloney and Thien Chaiket.  With respect to Claim five, the jury found in favor of Michael Maloney and Thien Chaiket.

3.     In total, the jury awarded Plaintiffs $300,000.00 in compensatory damages for all three claims in their favor.  The jury itemized the awards for each Plaintiff on each of these three claims in their verdict form.  No punitive damages were assessed against any Defendant Officer in favor of any Plaintiff.

4.     The jury's verdict in favor of Plaintiffs on Claim one, the illegal entry claim, is supported by legally insufficient evidence adduced by trial.  Plaintiffs presented no evidence to refute the evidence presented by Defendants negating Plaintiffs' illegal entry claim. Consequently, Defendants are entitled to judgment as a matter of law on Plaintiffs' Claim one.

5.     The jury's verdict in favor of Plaintiffs on Claim two, the illegal occupation and search claim, is also supported by legally insufficient evidence adduced by trial.  Even when

taken in best light for Plaintiffs, the evidence presented at trial is legally insufficient to meet Plaintiffs burden of establishing an illegal occupation and search claim. Additionally, the jury cannot find that Defendant Officers were all liable on a failure-to-intervene theory and find that no Defendant Officer was personally liable. Consequently, Defendants are entitled to judgment as a matter of law on Plaintiffs' Claim two.

6. The jury's verdict in favor of Plaintiffs on Claim three, the illegal detention, is supported by legally insufficient evidence adduced by trial. Even when taken in best light for Plaintiffs, the evidence presented at trial is legally insufficient to meet Plaintiffs burden of establishing an illegal detention claim. Consequently, Defendants are entitled to judgment as a matter of law on Plaintiffs' Claim three.

7. Because of the legally insufficient evidence to support the jury's verdict in favor of Plaintiffs, this Court should enter an order for judgment as a matter of law in favor of Defendants on all claims, pursuant to Federal Rule of Civil Procedure 50(b). Uncontroverted evidence entitles Defendants to judgment as a matter of law on Plaintiffs' illegal entry claim. Further, the evidence in best light for Plaintiffs does not support a finding in favor of Plaintiffs as to Plaintiffs' illegal occupation or search claim as well as Plaintiffs' unlawful detention claim. For the reasons articulated above, Defendants are entitled to judgment as a matter of law as to all Plaintiffs' claims.

WHEREFORE, Defendants respectfully request that this Honorable Court, pursuant to Fed.R.Civ.P. 50(b), enter an order granting Defendants judgment as a matter of law as to all Plaintiffs' claims, notwithstanding the jury's verdict and for any relief as this Court deems appropriate and just.

        Respectfully submitted,

        SWANSON, MARTIN & BELL, LLP

By:    /s/ *C. Ryan Finlen*
        Counsel for Defendants

SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave. Suite 3400
Chicago, Illinois 60611
Office: (312) 321-9100
Fax:    (312) 321-0990
Atty. No. 06305918
Email:  rfinlen@smbtrials.com